■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUGO DI PAOLO, Appellant.— Judgment, Supreme Court, Bronx County, rendered on February 5, 1971, convicting defendant, after a jury trial, of the crimes of promoting gambling and possession of gambling records and sentencing him to concurrent indeterminate terms of four years in State prison on the felony counts, modified, in the exercise of discretion, by reducing the sentence to concurrent indeterminate terms of three years in State prison and said judgment is otherwise affirmed. We have examined defendant's probation report and while defendant's record is by no means an exemplary one, we consider the sentence imposed excessive and we reduce it pursuant to the provisions of section 543 of the Code of Criminal Procedure (see, also, CPL 470.15, subd. 2, par. [c]). (See *People v. Kerrigan*, 37 A D 2d 515, mod. on rearg. 37 A D 2d 770.) We have examined defendant's various claims of prejudicial error but have concluded that in view of the clear evidence of defendant's guilt, such errors did not affect his substantial rights and are, therefore, harmless (Code Crim. Pro., § 542; see, also, CPL 470.05, subd. 1). Concur — Nunez, Kupferman and McNally, JJ.; McGivern, J. P., and Murphy, J., dissent in the following memorandum by Murphy, J.: We dissent and would reverse and grant a new trial. The summation of the prosecutor was improper and prejudicial. Specifically, he stated: "Now gentlemen, I am not going to come here and moralize to you about the evils of gambling. * * * It involves little people, everyday people, betting nickels, dimes and quarters, with the hope that they will hit the winning number. And these are the people, often poor people, reportedly who are being bilked at a policy operation, because his chances, the bettor's chances are a thousand to one, of winning. What does he get in return? Five hundred. Five hundred. Fifty to one. That bettor, he is the gambler. Put his money down. The odds are against him but he is gambling. Mr. Di Paola is no gambler. He is a business man. The policy game is a business. The odds are all in his favor. He wins everyday. What is the effect of this? These individuals are being bilked for those nickels and dimes and quarters everyday that this thing runs. And all that money coming in from these individuals is money coming from the most disadvantaged neighborhood in New York, Bronx County. And where is all this money going. It's going for schools? Is it going for schools? Is it going for hospitals? Is it going for clean air? * * * · Is it going to give real hope to these people that

need it the most? Of course it's not. It's going into the pockets of all the Di Paolos in Bronx County. That's where it's going. I said it was a business, and it is a business. But what type of business is it? Pretty nice business. It's a business that has a gross, this particular one, between two-hundred and three-hundred thousand dollars a year. Pays no taxes. * * * There is an organized entity out on that street. And what are they doing? They are flouting and breaking the law everyday that the policy operation runs. They are doing it knowingly. They are doing it wilfully. They are doing it intentionally, and why? Because there is big money in it. That's the reason." The aforesaid remarks do not constitute fair comment on the evidence. While the concept conveyed may well be correct, there is nothing in the record to sustain the remarks as they allude to organized gambling. (The defendant was being tried for a particular gambling violation which took place over the course of one day.) Such inferences and the projected results were highly prejudicial and inflammatory and effectively denied the defendant a fair trial. (*People* v. *Slaughter*, 28 A D 2d 1082.) Further, the court's equating the defendant's guilt or innocence to the belief or disbelief of the detectives was an oversimplification of the law, and in effect directed a verdict against the defendant. (*People* v. *Kachadourian*, 116 N. Y. S. 2d 486, 489.) This occurred when the jury had already returned twice to announce that they could not reach a verdict. The absence of timely objections or exceptions may be overlooked and does not deprive the defendant of appellate review in the interests of justice. (*People* v. *Woods*, 30 A D 2d 667, app. dsmd. 25 N Y 2d 786.) Moreover, a maximum sentence of four years was excessive in a gambling case of this nature.